UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARLY MORNING, INC., <br><br> Plaintiff, <br><br> v. <br><br> ELIUD MORENO, EO UNITED, LLC, <br><br> Defendants. | No. 2:18-cv-00483-KJM-GGH <br><br><br> ORDER |

Alleging defendants are wrongfully using plaintiff's trade name, plaintiff filed this action in state court raising exclusively state law claims. Following defendants' timely removal to this court, plaintiff moved to remand. For the following reasons, the motion is GRANTED.

I. BACKGROUND

Plaintiff operates restaurants throughout Sacramento using the trade name "The Mimosa House," which it refers to as "the Trademark" throughout its complaint. Compl., ECF No. 1 ¶¶ 7-8. Plaintiff adopted "The Mimosa House" trademark in June 2014 and describes this trademark as "a valuable asset symbolizing Plaintiff, its quality food and services and its goodwill," established through "advertising and sales, together with consumer acceptance and recognition." *Id.* ¶¶ 8-9.

Defendants EO United, LLC and Eliud Moreno, plaintiff's former employee, operate a breakfast restaurant, Friends with Benedicts, in El Dorado Hills, California. *Id.* ¶¶ 10-

1

11. Defendants allegedly use plaintiff's "The Mimosa House" trademark on their store-front and in marketing materials, including a website, www.friendswithbenedictsmimosahouse.com. *Id.* ¶¶ 10-12. Plaintiff contends defendants' use of the trademark "is likely to cause confusion, mistake, or deception among consumers as to the source, quality, and nature of defendant's [*sic*] establishment." *Id.* ¶ 13. Plaintiff alleges such confusion is already underway, as plaintiff has received inquiries from its landlord and local press as to the relationship between plaintiff's restaurants and Friends with Benedicts. *Id.* ¶ 15. Despite plaintiff's August 3, 2017 cease and desist letter, defendants still use the trademark. *Id.* ¶ 14. Plaintiff alleges defendants' use of "The Mimosa House" trademark has deprived plaintiff of substantial sales. *Id.* ¶¶ 16-17.

Plaintiff filed this action in state court alleging: (1) Violation of California Business & Professions Code § 17200, et seq.; (2) common law trademark infringement; and (3) common law unfair competition. *Id.* ¶¶ 18-39. Defendants removed the action to this court, asserting federal question jurisdiction. Removal, ECF No. 1. Plaintiff moves to remand to state court. Mot., ECF No. 12. Defendants oppose, Opp'n, ECF No. 17, and plaintiff filed a reply, Reply, ECF No. 20.

II. <u>LEGAL STANDARD</u>

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). District courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and have original jurisdiction over civil actions arising under any Act of Congress relating to trademarks, 28 U.S.C. § 1338; 15 U.S.C. § 1121. The principles controlling section 1331 cases apply with equal force to section 1338 and section 1121 cases. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485-86 (9th Cir. 1996).

To invoke jurisdiction under either section as relevant here, a plaintiff's well-pleaded complaint must establish either that: (1) federal trademark law creates the cause of action, or (2) plaintiff's right to relief necessarily depends on resolution of a substantial question of federal trademark law. *Id.* at 1486 (quoting *Christianson v. Colt Industs. Operating Corp.*, 486 U.S. 800, 808-09 (1988)). Under the second prong, if a claim is supported by alternative

theories for relief, the court has jurisdiction only if federal trademark law is essential to each alternative theory. *Id.* (quoting *Christianson*, 486 U.S. at 810); *see id.* at 1485 ("[T]he plaintiff is the 'master' of her case, and if she can maintain her claims on both state and federal grounds, she may ignore the federal question, assert only state claims, and defeat removal.") (citation omitted). The defendant here bears the burden of proving at least one of plaintiff's claims is cognizable only under federal trademark law. *Id.* at 1486 n.9.

III. DISCUSSION

Because federal trademark law is not essential to plaintiff's claims or requested relief, defendants have not carried their burden to establish this court's jurisdiction.

Defendants argue that by seeking defendants' profits, plaintiff pursues a remedy available only under the Lanham Act. Removal ¶ 4; Opp'n at 5-6; *see* Compl. ¶¶ 23, 30, 38 (alleging entitlement to defendants' "gains, profits, and advantages" in claims based on California Business & Professions Code § 17200, common law trademark infringement, and common law unfair competition); *id.* at 16 (prayer for relief seeking an accounting of defendants' profits from the alleged misconduct and entry of judgment for "actual damages under California law, as well as Defendants' profits, and pre-and post-judgment interest . . . ."). Defendants rely on a footnote in which the *Duncan* decision, *supra,* notes, after finding that plaintiff did not "expressly seek any of the broad remedies available under the Lanham Act," "For example, the complaint does not seek to recover treble damages or the defendant's total profits . . . ." *See* 76 F.3d at 1486 n.7 (citing 15 U.S.C. § 1117). With little explanation, defendants appear to argue that a plaintiff who seeks a defendant's profits in any case involving a disputed trademark necessarily seeks a remedy available exclusively under the Lanham Act.

But unlike the case on which defendants rely, plaintiff's references here to "profits" are vague and do not clearly implicate the Lanham Act. *See Chattery Int'l, Inc. v. Jolida, Inc.*, No. CIV. WDQ-10-2236, 2011 WL 1230822, *7-8 (D. Md. Mar. 28, 2011) (finding that because plaintiffs alleged their case was "exceptional" within the meaning of 15 U.S.C. § 1117, federal law was essential to plaintiffs' claim). Plaintiff does not seek defendants' "total profits" or otherwise directly refer to § 1117. In any event, under certain circumstances, a

3

plaintiff may seek recovery of a defendant's profits under California's statutory and common law unfair competition laws rather than resorting to the Lanham Act. *See, e.g.*, *Adobe Sys. Inc. v. Alghazzy*, No. 15-CV-01443-BLF, 2015 WL 9478230, at *2 (N.D. Cal. Dec. 29, 2015) (rejecting argument California's statutory unfair competition law uniformly prohibits "claim for restitution [] based on Defendant's ill-gotten gains related to Defendant's alleged sale of products that infringe Plaintiff's trademark rights"); *Los Defensores, Inc. v. Gomez*, 223 Cal. App. 4th 377, 393-94, 401-02 (2014) ("Generally, under the common law, an accounting of the defendant's wrongful profits is available for unfair competition when the defendant intended to cause consumer confusion."). A California common law infringement action also permits recovery of a defendant's profits under certain circumstances. *See Modesto Creamery v. Stanislaus Creamery Co.*, 168 Cal. 289, 295 (1914); Int'l Trademark Ass'n, "Trademark Administration" at 79 (March 2015) ("Both the Lanham Act and the common law permit a successful plaintiff to recover *both* its actual damages and the defendant's profits; the plaintiff need not elect to recover one or the other.") (original emphasis); *cf. Coach, Inc. v. Asia Pac. Trading Co.*, 676 F. Supp. 2d 914, 925-26 (C.D. Cal. 2009) (awarding defendant's "net profits" as compensatory damages in plaintiff's common law infringement claim). Plaintiff here pleads exclusively state law claims, and nothing in its allegations is properly construed as referencing "profits" within the meaning of 15 U.S.C. § 1117(a). *See Duncan*, 76 F.3d at 1486 (holding that because plaintiff's complaint did not "clearly establish" claim arising under Lanham Act, first prong of jurisdictional test not satisfied).

Defendants' other arguments are also unavailing. Defendants contend that because plaintiff alleges defendants' misconduct may cause confusion, mistake or deception, plaintiff's claim necessarily arises under 15 U.S.C. § 1125(a)(1)(A). Opp'n at 6-7. But the "ultimate test" under both the Lanham Act and California law is whether the public is likely to be deceived or confused by a mark's similarity. *China Cent. Television v. Create New Tech. (HK) Ltd.*, No. CV1501869MMMAJWX, 2015 WL 12732432, at *13 (C.D. Cal. Dec. 7, 2015) (citations omitted); *see Sebastian Brown Prods. LLC v. Muzooka Inc.*, No. 15-CV-01720-LHK, 2016 WL 5910817, at *11 (N.D. Cal. Oct. 11, 2016) ("A claim for trademark infringement under California common law requires the same allegations as a claim for unfair competition under the Lanham

4

Act . . . ."). Thus, merely pointing to similarities between plaintiff's claims and federal trademark law is insufficient. Moreover, "the mere existence of [a] protected trade name . . . does not provide a basis for federal jurisdiction." *See Postal Instant Press v. Clark*, 741 F.2d 256, 257 (9th Cir. 1984); *Carmichael Lodge No. 2103, Benevolent & Protective Order of Elks of United States v. Leonard*, No. CV S-08-1669 LKK/GGH, 2008 WL 11385502, at *3 (E.D. Cal. Sept. 24, 2008) ("Although the allegations as plaintiff has pled them may also give rise to causes of action under the Lanham Act, the law is clear that this does not suffice to create federal jurisdiction."). Finally, despite defendants' arguments to the contrary, plaintiff is not required to "do more than style its claims as state law claims in order to avoid federal jurisdiction." *See* Opp'n at 1-3 (noting plaintiff voluntarily dismissed prior suit alleging Lanham Act claim after defendants removed to federal court, then filed the instant suit raising only state law claims). Rather, plaintiff is the master of its complaint and is entitled to defeat federal jurisdiction by proceeding solely on state law claims. *See Duncan*, 76 F.3d at 1485; *see also Jeff Hiatt, Inc. v. Pac. Coast Termite*, No. CV 08-0921 ODW (RCX), 2008 WL 11336578, at *4 (C.D. Cal. Mar. 17, 2008) (rejecting similar argument because the Lanham Act does not preempt state law and a plaintiff therefore "may 'plead around' the removal statute").

Plaintiff's complaint alleges only state law claims and seeks relief available under state law. To the extent defendants contend plaintiff's state law claims are insufficiently pled or seek relief to which plaintiff has not shown it is entitled, any such failure "does not necessarily mean that Plaintiff has pled [a claim] arising under the Lanham Act." *See Jeff Hiatt, Inc.*, 2008 WL 11336578, at *4 (C.D. Cal. Mar. 17, 2008) (noting "the availability of the requested relief" under state law was "more suitably raised on a demurrer in the state court" where plaintiff expressly disclaimed reliance on federal law).

Having resolved all doubts in favor of remand, this court determines it lacks jurisdiction and REMANDS this case to state court. Defendants' pending motion to dismiss is MOOT.

/////

/////

This resolves ECF Nos. 8 and 12.  This case is CLOSED.

IT IS SO ORDERED.

DATED: August 2, 2018.

_____
UNITED STATES DISTRICT JUDGE